UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

COY PHELPS,                     )
      Petitioner,               )
                                )
      v.                        )   C.A. No.  09-cv-40091-MLW
                                )
CAROLYN SABOL,                  )
      Respondent.               )

MEMORANDUM AND ORDER

WOLF, D.J.                                        June 26, 2010

     On May 7, 2009, pro se petitioner Coy Phelps, a civilly
committed person at Federal Medical Center Devens ("FMC Devens"),
filed a petition for Writ of Habeas Corpus pursuant to 28 U.S.C.
§2241.  Phelps seeks relief from his placement in the N-1, a
segregated housing unit.  He requests that the court hold a
probable cause/evidentiary hearing regarding his placement in the
N-1, which he alleges violated his right to due process.  On August
13, 2009, respondent Carolyn Sabol, then the Warden of FMC Devens,
filed a motion to dismiss Phelp's petition, arguing that Phelps'
petition should be denied because, among other reasons, he failed
to exhaust the Bureau of Prison's administrative processes.
However, because Phelps is not seeking immediate or speedier
release from FMC Devens, his claim has been improperly filed as a
habeas action and is being dismissed without prejudice.

     The Supreme Court has held that "when a state prisoner is
challenging the very fact or duration of his physical imprisonment,

1

and the relief he seeks is a determination that he is entitled to immediate release or speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriquez, 411 U.S. 475, 500 (1973). If, however, a prisoner "is making a constitutional challenge to the conditions of his prison life, but not the fact or length of his custody" an action under 28 U.S.C. §1983 or the doctrine of Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), is the appropriate vehicle to request relief. Id. at 499; see also Bivens, 403 U.S. 388; Martin v. Sias, 88 F.3d 774, 775 (9th Cir. 1996) ("[A]ctions under §1983 and those under Bivens are identical save for the replacement of a state actor under §1983 by a federal actor under Bivens"). Furthermore, it is established that where, as here, an inmate's claim concerns his placement into solitary confinement, then it is a challenge to the conditions of his confinement.[1] See McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991) (citing, among others, Preiser, 411 U.S. at 498-99; Haines v. Kerner, 404 U.S. 519 (1972)) (stating that an inmate's claim

---

[1] "While the Supreme Court has left the door open a crack for habeas corpus claims challenging prison conditions, it has never found anything that qualified." Glaus v Anderson, 408 F.3d 382, 387 (7th Cir. 2005) (discussing Preiser). The Supreme Court in Preiser acknowledged that "when a prisoner is put under additional and unconstitutional restraints during his lawful custody, it is arguable that habeas corpus will lie to remove the restraints making the custody illegal [. . . but] we need not in this case explore the appropriate limits of habeas corpus as an alternative remedy to a proper action under §1983." 411 U.S. at 499-500.

regarding his placement in solitary confinement is "most definitely" a challenge regarding conditions of confinement).

Phelps' petition, concerning his allegedly improper placement into N-1, challenges the conditions of his confinement. See Preiser, 411 U.S. at 498-99; see McCarthy, 500 U.S. at 141-42. He has not alleged or presented evidence that his detention in N-1 will have an effect on the timing of his release from prison. Thus, the appropriate vehicle for Phelps' claim is a civil rights action rather than a habeas petition. See Preiser, 411 U.S. at 498-99. Since Phelps is housed in a federal facility, a Bivens action seems appropriate. See Sias, 88 F.3d at 775.

The substantive and procedural differences between habeas and Bivens claims makes it difficult to convert a habeas petition into a Bivens action. See generally Glaus, 408 F.3d at 388-390. Important differences include (1) the identity of the defendant (the warden, versus the doctors, guards, or others responsible for the alleged injury); (2) the amount of the filing fee ($5 v. $350);[2] (3) the way in which exhaustion must be accomplished if the Prisoner Litigation Reform Act ("PLRA") applies;[3] (4) the type of

_____

[2] See Local Rules of the United States District Court for the District of Massachusetts, App'x A, Fee Schedule ¶A.

[3] In this case, the PLRA may not apply to Phelps because he is a civilly committed person, not a convicted prisoner. See Phelps v. Winn, 05-40003-GAO, 2007 WL 2872465, at *1 (D. Mass. Sept. 27, 2007) (finding PLRA does not apply to Phelps because he is a civilly committed person). Therefore, he may not meet the PLRA's definition of "prisoner": "any person incarcerated or

restriction on successive lawsuits; and (5) the availability of money damages. See id. (finding prisoner not entitled to have habeas petition re-characterized as a civil rights claim due in part to the incorrect identity of the defendant); see also Muhammad v. Close, 540 U.S. 749, 751 (2004) (damages not available for prisoner seeking habeas relief); Bivens, 403 U.S. at 396-97 (individual aggrieved by a federal official's violation of his constitutional rights can bring an action for money damages).

Here, at the very least, Phelps is not entitled to have his claim re-characterized because Sabol is not the proper defendant. See Glaus, 408 F.3d at 388-90 ("[T]he warden would almost surely not be the proper defendant if the district court were to convert [the] petition into a civil rights claim or an administrative action."); Moore v. Pemberton, 110 F.3d 22, 23-24 (7th Cir. 1997) ("The right respondent in a [habeas] action is the warden of the prison; the right defendants in a §1983 suit are the persons whose wrongful acts harmed the plaintiff (and the warden is rarely a proper defendant, because he is not vicariously liable for subordinates' acts).").

Accordingly, it is hereby ORDERED that:

1. Phelps' Petition for Writ of Habeas Corpus (Docket No. 1)

---

detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. §1997e(h).

4

is DISMISSED without prejudice to reconsideration if the petitioner shows cause for reinstatement within 30 days.

    2. Sabol's Motion to Dismiss (Docket No. 8) is MOOT.

    3. Phelps' Motion for Court Order (Docket No. 10) is MOOT.


                     /s/ Mark L. Wolf
                     UNITED STATES DISTRICT JUDGE